**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

APR 04 2018

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **LANAMASHA W. HAMPTON,** | § | |
| **HEATHER ASHLEY SOWA,** | § | **CRIMINAL NO.** |
| **JANELL CROSBY QUANT,** | § | 18 CR 197 |
| **WILLIAM LEWIS SUTTON, JR.,** | § | |
| **COLLETTE DEVOE HINES,** | § | |
| **HANNAH MUSLEH, AND** | § | |
| **AKRAM ELIAS MUSLEH** | § | **FILED UNDER SEAL** |

## INDICTMENT

The Grand Jury Charges that:

## INTRODUCTION

At all times relevant to this Indictment:

1. The Beck Group was an international company doing business in Houston, Texas that worked with developers, institutions, organizations, and corporations to design and build their facilities.

2. Wells Fargo was a financial institution located in Dallas, Texas, and elsewhere.

3. Unindicted Co-Conspirator A was a resident of Houston, Texas who during all times relevant to this Indictment, was employed by the Beck Group as a construction manager, in Houston, Texas.

4. **DEFENDANT LANAMASHA W. HAMPTON** was a resident of Atlanta, Georgia. Lucent Wholesale Lighting & Fixtures, LLC was a Texas Corporation, owned and controlled by **DEFENDANT LANAMASHA W. HAMPTON**, with bank accounts in Atlanta, Georgia and Marietta, Georgia.

5. **DEFENDANT HEATHER ASHLEY SOWA** was a resident of Brookhaven, Georgia. Brace Scaffolding, LLC was a Texas Corporation, owned and controlled by **DEFENDANT HEATHER ASHLEY SOWA**, with a bank account in Atlanta, Georgia.

6. **DEFENDANT JANELL CROSBY QUANT** was a resident of Union City, Georgia. CIP Scaffolding Solutions, LLC was a Texas Corporation, owned and controlled by **DEFENDANT JANELL CROSBY QUANT**, with a bank account in Hapeville, Georgia.

7. **DEFENDANT WILLIAM LEWIS SUTTON, JR.** was a resident of Buena Park, California. IMAC Material Supply, LLC was a Texas Corporation, owned and controlled by **DEFENDANT WILLIAM LEWIS SUTTON, JR.**, with a bank account in Bellflower, California.

8. **DEFENDANT COLLETTE DEVOE HINES** was a resident of Atlanta, Georgia. AEB Building Materials, LLC was a Texas Corporation, owned and controlled by **DEFENDANT COLLETTE DEVOE HINES** with a bank account

in Conyers, Georgia.

9. **DEFENDANT HANNAH MUSLEH** was a resident of Houston, Texas, doing business as Scaffold Solutions in Houston, Texas, with a bank account in Houston, Texas.

10. **DEFENDANT AKRAM ELIAS MUSLEH** was the brother of **DEFENDANT HANNAH MUSLEH** and was a resident of Houston, Texas.

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud - 18 U.S.C. § 1349)**

11. The Grand Jury re-alleges Paragraphs 1 through 10 above and incorporates them as if alleged herein.

**A. THE CONSPIRACY AND ITS OBJECTS**

12. From in or about 2016 and continuing until 2017, in the Houston Division of the Southern District of Texas and elsewhere, the defendants

**LANAMASHA W. HAMPTON,**
**HEATHER ASHLEY SOWA,**
**JANELL CROSBY QUANT,**
**WILLIAM LEWIS SUTTON, JR.,**
**COLLETTE DEVOE HINES,**
**HANNAH MUSLEH,**
**AKRAM ELIAS MUSLEH,** and
**Unindicted Co-Conspirator A**

did knowingly combine, conspire, confederate and agree with each other and with others known and unknown, to intentionally commit wire fraud, in violation of Title 18, United States Code, Section 1343; that is, having devised and intending to

devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, the Defendants conspired to transmit and cause to be transmitted, by means of wire communications in interstate commerce, communications, writings, and signals, to wit: receive payments for false invoices, for the purpose of executing said scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1343 and 1349.

## B. MANNER AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that:

13. Unindicted Co-Conspirator A was hired by the Beck Group as a construction manager in 2016 to oversee the construction of the Le Meridien Hotel located in downtown Houston.

14. As the construction manager for the Le Meridien Hotel, unindicted Co-Conspirator A was authorized by the Beck Group to review and approve invoices submitted to the Beck Group for payment by vendors who provided goods or services related to the construction of the Le Meridien Hotel.

15. Unindicted Co-Conspirator A and his co-conspirators created and registered shell companies in the state of Texas. Unindicted Co-Conspirator A and his co-conspirators prepared and submitted documents to the Beck Group to become vendors with the Beck Group. Unindicted Co-Conspirator A and his co-conspirators

opened bank accounts to receive payments from the Beck Group as vendors to the Beck Group.

16. To facilitate the fraud scheme, Unindicted Co-Conspirator A and his co-conspirators submitted false invoices to the Beck Group for goods and/or services that were not provided.

17. Unindicted Co-Conspirator A would and did communicate to his co-conspirators that the Beck Group would pay the false invoices by transferring funds electronically from the Beck Group's bank account to the bank accounts of the shell companies owned by his co-conspirators.

18. Unindicted Co-Conspirator A, as the construction manager for the Beck Group then approved the false invoices and he caused the Beck Group to issue payments on the false invoices.

19. The Beck Group paid the false invoices using the Automated Clearing House (ACH) payment system provided by its bank Wells Fargo. The ACH payments transferred monies from the Beck Group's bank account with Wells Fargo to the bank accounts of the shell companies owned and controlled by **DEFENDANTS LANAMASHA W. HAMPTON, HEATHER ASHLEY SOWA, JANELL CROSBY QUANT, WILLIAM LEWIS SUTTON, JR., COLLETTE DEVOE HINES, HANNAH MUSLEH,** and **AKRAM ELIAS MUSLEH**.

20. The Beck Group would and did initiate the Wells Fargo Bank ACH payments in Dallas, Texas. The Beck Group's requests for ACH payments were electronically communicated to Wells Fargo's ACH processing center in Minnesota. To complete the processing of requests for ACH payments, the Wells Fargo ACH processing center in Minnesota communicated electronically with the Wells Fargo Bank branch in Dallas, Texas where the Beck Group maintained an account for paying vendors. The Wells Fargo Bank processing center in Minnesota then caused the funds to be transferred from the Beck Group's Wells Fargo bank account in Dallas, Texas, to the bank accounts of the shell companies in Texas, California, and Georgia.

**C. OVERT ACTS**

21. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of Texas.

22. On or about December 9, 2016, unindicted Co-Conspirator A caused to be transferred $129,703.68, by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to AEB Building Materials' Wells Fargo bank account ending in 0191.

23. On or about February 22, 2017, unindicted Co-Conspirator A caused to be transferred $165,654.72, by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to AEB Building Materials' Wells Fargo bank account ending in 0191.

24. On or about January 30, 2017, unindicted Co-Conspirator A caused to be transferred $128,622.00 by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to CIP Scaffolding Solutions' Fifth Third Bank account ending in 1069.

25. On or about June 5, 2017, unindicted Co-Conspirator A caused to be transferred $147,643.29 by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to Scaffold Solutions' Prosperity Bank account ending in 6817.

26. On or about July 10, 2017, unindicted Co-Conspirator A caused to be transferred $83,051.60 by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to Scaffold Solutions' Prosperity Bank account ending in 6817.

27. On or about February 22, 2017, unindicted Co-Conspirator A caused to be transferred $249,644.16 by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to IMAC Material Supply Company Bank of America bank account ending in 0606.

28. On or about May 3, 2017, unindicted Co-Conspirator A caused to be transferred $306,791.28 by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to IMAC Material Supply Company Bank of America bank account ending in 0606.

29. On or about January 6, 2017, unindicted Co-Conspirator A caused to be transferred $219,459.32 by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to Brace Scaffolding's Bank of America bank account ending in 2416.

30. On or about March 8, 2017, unindicted Co-Conspirator A caused to be transferred $187,765.00 by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to Brace Scaffolding's Bank of America bank account ending in 2416.

31. On or about November 18, 2016, unindicted Co-Conspirator A caused to be transferred $68,398.00 by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to Lucent Wholesale Lighting & Fixtures' SunTrust bank account ending in 8810.

32. On or about December 30, 2016, unindicted Co-Conspirator A caused to be transferred $349,924.00 by ACH payment, from the Beck Group's Wells Fargo bank account ending in 8789, to Lucent Wholesale Lighting & Fixtures' Wells Fargo bank account ending in 2870.

In violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TWELVE
**(Wire Fraud - 18 U.S.C. § 1343 and 2)**

33. The Grand Jury re-alleges Paragraphs 1 through 32 above and incorporates them as if alleged herein.

34. On or about the following dates in the Southern District of Texas, the named defendants, aided and abetted by others known and unknown to the Grand Jury, did knowingly devise, intend to devise, and participate in a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses and representations did cause to be transmitted in interstate commerce, by means of wire communication, funds from the Wells Fargo Bank in Dallas, Texas to the bank accounts listed in the Counts listed in the table below:

| COUNT | DATE | DEFENDANT | TRANSMISSION DESCRIPTION |
|---|---|---|---|
| Two | December 30, 2016 | LANAMASHA W. HAMPTON | ACH payment from the Wells Fargo bank account of the Beck Group to the Wells Fargo bank account of Lucent Lighting & Fixtures in the amount of $349,924.00. |

| COUNT | DATE | DEFENDANT | TRANSMISSION DESCRIPTION |
|---|---|---|---|
| Three | November 18, 2016 | LANAMASHA W. HAMPTON | ACH payment from the Wells Fargo bank account of the Beck Group to the SunTrust bank account of Lucent Lighting & Fixtures in the amount of $68,398.00. |
| Four | January 6, 2017 | HEATHER SOWA | ACH payment from the Wells Fargo bank account of the Beck Group to the Bank of America account of Brace Scaffolding in the amount of $219,459.32. |
| Five | March 8, 2017 | HEATHER SOWA | ACH payment from the Wells Fargo bank account of the Beck Group to the Bank of America account of Brace Scaffolding in the amount of $187,765.00. |
| Six | January 30, 2017 | JANELL QUANT | ACH payment from the Wells Fargo bank account of the Beck Group to the Fifth Third Bank account of CIP Scaffolding Solutions in the amount of $128,622.00. |
| Seven | February 22, 2017 | WILLIAM LEWIS SUTTON, JR. | ACH payment from the Wells Fargo bank account of the Beck Group to the Bank of America account of IMAC Material Supply in the amount of $249,644.16. |
| Eight | May 3, 2017 | WILLIAM LEWIS SUTTON, JR. | ACH payment from the Wells Fargo bank account of the Beck Group to the Bank of America account of IMAC Material Supply in the |

| COUNT | DATE | DEFENDANT | TRANSMISSION DESCRIPTION |
|---|---|---|---|
| | | | amount of $306,791.28. |
| Nine | February 22, 2017 | COLLETTE HINES | ACH payment from the Wells Fargo bank account of the Beck Group to the Wells Fargo account of AEB Building Materials in the amount of $165,654.72. |
| Ten | December 9, 2016 | COLLETTE HINES | ACH payment from the Wells Fargo bank account of the Beck Group to the Wells Fargo account of AEB Building Materials in the amount of $129,703.68. |
| Eleven | June 5, 2017. | HANNAH MUSLEH | ACH payment from the Wells Fargo bank account of the Beck Group to the Prosperity Bank bank account of Scaffold Solutions in the amount of $147,643.29. |
| Twelve | July 10, 2017 | HANNAH MUSLEH | ACH payment from the Wells Fargo bank account of the Beck Group to the Prosperity Bank bank account of Scaffold Solutions in the amount of $83,051.60. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTEEN
**(Conspiracy to Commit Money Laundering - 18 U.S.C. § 1956(h))**

35. The Grand Jury re-alleges Paragraphs 1 through 34 above and incorporates them as if alleged herein.

**A. THE CONSPIRACY AND ITS OBJECT**

36. From in or about 2016 and continuing until 2017, in the Houston Division of the Southern District of Texas and elsewhere, the defendants

**LANAMASHA W. HAMPTON,**
**HEATHER ASHLEY SOWA,**
**JANELL CROSBY QUANT,**
**WILLIAM LEWIS SUTTON, JR.,**
**COLLETTE DEVOE HINES,**
**HANNAH MUSLEH,**
**AKRAM ELIAS MUSLEH,** and
Unindicted Co-Conspirator A

did knowingly and intentionally conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to commit the following offenses under Title 18, United States Code, Section 1956, namely:

To knowingly and willfully conduct and attempt to conduct a financial transaction, the activities of which affect interstate commerce with the proceeds of a specified unlawful activity, that is, wire fraud, a violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction, that is funds and monetary instruments, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**B. MANNER AND MEANS OF THE CONSPIRACY**

It was part of the conspiracy that:

37. Unindicted Co-Conspirator A was hired by the Beck Group as a construction manager in 2016 to oversee the construction of the Le Meridien Hotel located in downtown Houston.

38. As the construction manager for the Le Meridien Hotel, unindicted Co-Conspirator A was authorized by the Beck Group to review and approve invoices submitted to the Beck Group for payment by vendors who provided goods or services related to the construction of the Le Meridien Hotel.

39. Unindicted Co-Conspirator A and his co-conspirators created and registered shell companies in the state of Texas. Unindicted Co-Conspirator A and his co-conspirators prepared and submitted documents to the Beck Group to become vendors with the Beck Group. Unindicted Co-Conspirator A and his co-conspirators opened bank accounts to receive payments from the Beck Group as vendors to the Beck Group.

40. To facilitate the fraud scheme, unindicted Co-Conspirator A and his co-conspirators submitted false invoices to the Beck Group for goods and/or services that were not provided.

41. Unindicted Co-Conspirator A would and did communicate to his co-

conspirators that the Beck Group would pay the false invoices by transferring funds electronically from the Beck Group's bank account to the bank accounts of the shell companies owned by his co-conspirators.

42. Unindicted Co-Conspirator A, as the construction manager for the Beck Group then approved the false invoices and he caused the Beck Group to issue payments on the false invoices.

43. The Beck Group paid the false invoices using the Automated Clearing House (ACH) payment system provided by its bank Wells Fargo. The ACH payments transferred monies from the Beck Group's bank account with Wells Fargo to the bank accounts of the shell companies owned and controlled by **DEFENDANTS LANAMASHA W. HAMPTON, HEATHER ASHLEY SOWA, JANELL CROSBY QUANT, WILLIAM LEWIS SUTTON, JR., COLLETTE DEVOE HINES, HANNAH MUSLEH,** and **AKRAM ELIAS MUSLEH**.

44. The Beck Group would and did initiate the Wells Fargo Bank ACH payments in Dallas, Texas. The Beck Group's requests for ACH payments were electronically communicated to Wells Fargo's ACH processing center in Minnesota. To complete the processing of requests for ACH payments, the Wells Fargo ACH processing center in Minnesota communicated electronically with the Wells Fargo Bank branch in Dallas, Texas where the Beck Group maintained an

account for paying vendors. The Wells Fargo Bank processing center in Minnesota then caused the funds to be transferred from the Beck Group's Wells Fargo bank account in Dallas, Texas, to the bank accounts of the shell companies in Texas, California, and Georgia.

45. The funds were then transferred from the bank accounts of the shell companies, by check, by wire transfer, or by cash to other companies, or to persons known and unknown, including **DEFENDANTS LANAMASHA W. HAMPTON, HEATHER ASHLEY SOWA, JANELL CROSBY QUANT, WILLIAM LEWIS SUTTON, JR., COLLETTE DEVOE HINES, HANNAH MUSLEH, AKRAM ELIAS MUSLEH**, and Unindicted Co-Conspirator A.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS FOURTEEN THROUGH TWENTY-FOUR**
**(Engaging in Unlawful Monetary Transactions - 18 U.S.C. § 1957(a))**

46. The Grand Jury re-alleges Paragraphs 1 through 45 above and incorporates them as if alleged herein.

47. On or about the following dates, in the Southern District of Texas and elsewhere, the defendants named below did knowingly engage in, an attempt to engage in, monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000, that is, the negotiation of the following checks, or making the following withdrawals, or making the following wire transfers, each in the amount of more than $10,000, such funds having been

derived from specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Section 1343.

| COUNT | DATE | DEFENDANT | FINANCIAL TRANSACTION |
|---|---|---|---|
| Fourteen | April 10, 2017 | William Lewis Sutton, Jr | Wire transfer from the Bank of America bank account of IMAC Material Supply to account of The Luxury Autohaus, Inc., in the amount of $163,000. |
| Fifteen | August 4, 2017 | William Lewis Sutton, Jr | Cash withdrawal from the Bank of America bank account of IMAC Material Supply, in the amount of $200,000. |
| Sixteen | January 10, 2017 | Heather Sowa | Wire transfer from the Bank of America account of Brace Scaffolding, to the Wells Fargo bank account of the Edward-Remy Group, in the amount of $140,320. |
| Seventeen | March 13, 2017 | Heather Sowa | Official check from the Bank of America account of Brace Scaffolding, payable to Moe Construction, in the amount of $75,000. |
| Eighteen | November 9, 2016 | Lanamasha W. Hampton | Cash withdrawal from the SunTrust Bank account of Lucent Wholesale Lighting & Fixtures, in the amount of $31,200. |
| Nineteen | November 22, 2016 | Lanamasha W. Hampton | Check Number 98 drawn on the SunTrust Bank account of Lucent Wholesale Lighting & Fixtures, in the amount of |

| COUNT | DATE | DEFENDANT | FINANCIAL TRANSACTION |
|---|---|---|---|
| | | | $30,000, payable to Jason Allen. |
| Twenty | December 21, 2016 | Collette Devoe Hines | Wire transfer from the Wells Fargo bank account of AEB Building Material to the account of the Edward-Remy Group, in the amount of $53,000. |
| Twenty-One | February 24, 2017 | Collette Devoe Hines | Cash withdrawal from the Wells Fargo bank account of AEB Building Material, in the amount of $110,010. |
| Twenty-Two | June 16, 2017 | Akram Elias Musleh | Cash withdrawal from the Prosperity Bank account of Scaffold Solutions, in the amount of $225,000. |
| Twenty-Three | February 1, 2017 | Janell Crosby Quant | Cashier's check drawn from Fifth Third Bank account of CIP Scaffolding Solutions, payable to LANAMASHA W. HAMPTON, in the amount of $35,600. |
| Twenty-Four | February 16, 2017 | Janell Crosby Quant | Cashier's check drawn from Fifth Third Bank account of CIP Scaffolding Solutions, payable to Janell C. Quant, in the amount of $12,859.58. |

All in violation of Title 18, United States Code, Section 1957(a) and 2.

**NOTICE OF FORFEITURE**
**(18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))**

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c), the United States gives notice to Defendants

**LANAMASHA W. HAMPTON (Counts 1, 2, 3),**
**HEATHER ASHLEY SOWA (Counts 1, 4, 5),**
**JANELL CROSBY QUANT (Counts 1, 6),**
**WILLIAM LEWIS SUTTON, JR. (Counts 1, 7, 8),**
**COLLETTE DEVOE HINES (Counts 1, 9, 10),**
**HANNAH MUSLEH (Counts 1, 11, 12),** and
**AKRAM ELIAS MUSLEH (Count 1),**

that in the event of conviction of the any of the offenses charged in Count One through Twelve of this Indictment, all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, is subject to forfeiture.

**NOTICE OF FORFEITURE**
**(18.S.C. § 982(a)(1))**

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to Defendants,

**LANAMASHA W. HAMPTON (Counts 13, 18, 19),**
**HEATHER ASHLEY SOWA (Counts 13, 16, 17),**
**JANELL CROSBY QUANT (Counts 13, 23, 24),**
**WILLIAM LEWIS SUTTON, JR. (Counts 13, 14, 15),**
**COLLETTE DEVOE HINES (Counts 13, 20, 21),**
**HANNAH MUSLEH (Count 13),** and
**AKRAM ELIAS MUSLEH (Counts 13, 22),**

that upon conviction of any of the Counts Thirteen through Twenty-Four of this Indictment, all property, real or personal, involved in money laundering offenses or traceable to such property, is subject to forfeiture.

**MONEY JUDGMENT**

The property subject to forfeiture is approximately $3,439,900.81 in United States dollars and a money judgment may be imposed against the Defendants, separately.

**SUBSTITUTE ASSETS**

Defendants are notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property from a Defendant up to the total value of the property subject to forfeiture.

Original Signature on File

A TRUE BILL:
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: ______________________
Vernon Lewis
Assistant United States Attorney